UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LESLIE WEBB, individually and on Behalf of all others similarly situated | * * * | DOCKET NO. 3:12-CV-143 |
| Plaintiff | * * | JURY TRIAL DEMANDED |
| *VERSUS* | * * | COLLECTIVE ACTION |
| SETTOON TOWING, INC. | * | PURSUANT TO 29 U.S.C. § 216(b) |
| Defendant | * | |

## RULE 12(B) ASSERTIONS, ANSWER AND AFFIRMATIVE DEFENSES OF SETTOON TOWING, LLC

NOW INTO COURT, through undersigned counsel, comes Defendant, Settoon Towing, LLC (hereinafter referred to as "Settoon") and in response to the Original Collective Action Complaint filed by Leslie Webb avers as follows:

### I.

The Complaint fails to state a cause of action on which relief sought may be based pursuant to Rule 12(b)(6).

### II.

Venue is improper in this District pursuant to Rule 12(b)(3).

### III.

In answer to the specific allegations set forth in the Original Collective Action Complaint, Defendant avers as follows.

### 1.

The allegations contained in paragraph 1 of the Complaint are denied.

### 2.

The allegations contained in paragraph 2 of the Complaint are admitted.

**3.**

The allegations contained in paragraph 3 of the Complaint are denied.

**4.**

The allegations contained in paragraph 4 of the Complaint are denied as written. It is admitted that Plaintiff worked for Defendant as a tankerman during a portion of the relevant statutory period.

**5.**

The allegations contained in paragraph 5 of the Complaint are denied.

**6.**

The allegations contained in paragraph 6 of the Complaint are admitted.

**7.**

The allegations contained in paragraph 7 of the Complaint are denied.

**8.**

The allegations contained in paragraph 8 of the Complaint are denied.

**9.**

The allegations contained in paragraph 9 of the Complaint are denied.

**10.**

The allegations contained in paragraph 10 of the Complaint are denied.

**11.**

The allegations contained in paragraph 11 of the Complaint are denied.

**12.**

The allegations contained in paragraph 12 of the Complaint are denied.

**13.**

The allegations contained in paragraph 13 of the Complaint are denied.

**14.**

The Prayer for Relief requires no response from this defendant but out of an abundance of caution it is denied.

**IV.**

**AND NOW**, for further answer, Defendant respectfully avers as follows:

### FIRST DEFENSE

Any alleged acts or omissions by Defendant were undertaken or made in good faith, and in conformity with, and in reliance on, written administrative regulations, orders, rulings, or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor, other federal agencies, or the courts.

### SECOND DEFENSE

Tankermen who work aboard a vessel were compensated according to industry practices and their primary duties are activities which aid in the operation of the vessel as a means of transportation.

### THIRD DEFENSE

Plaintiff's claims under the Fair Labor Standards Act ("FLSA") are barred because Mr. Webb is an exempt employee as a seaman..

### FOURTH DEFENSE

Plaintiff's claims under the Fair Labor Standards Act ("FLSA") are barred because Mr. Webb is an exempt employee as a *bona fide* professional employee.

## FIFTH DEFENSE

Defendant is entitled to all just and lawful offsets and credits against damages owed, including but not limit to credit for paid time.

## SIXTH DEFENSE

Defendant's pay plan is valid under the FLSA and was communicated to and accepted by plaintiff.

## SEVENTH DEFENSE

Plaintiff cannot establish that Defendant engaged in willful conduct within the meaning of the FLSA.

## EIGHTH DEFENSE

Plaintiff is not entitled to recover any costs of this proceeding or attorneys' fees from Defendant.

## NINTH DEFENSE

Plaintiff is not entitled to liquidated damages because any alleged acts or omissions of Defendant were undertaken or made in good faith, and Defendant had reasonable grounds for believing that its acts or omissions did not violate the FLSA.

## TENTH DEFENSE

Plaintiff is not entitled to compensation for the activities at issue because such activities are excluded from compensability under 29 U.S.C. § 254.

## ELEVENTH DEFENSE

Defendant affirmatively avers the defenses of estoppel, laches, waiver, comparative and/or contributory fault, unclean hands, set-off, compensation, acquiescence and/or ratification, and failure to mitigate.

## TWELFTH DEFENSE

Plaintiff's claims are not amenable to processing as a collective action as there is a lack of a common question of law or fact, and each individual plaintiff will require an individualized, in-depth analysis of hours worked and duties performed. Further, Plaintiff's action is not amenable to processing as a collective action as Plaintiff has failed to adequately define a class.

## THIRTEENTH DEFENSE

Some or all of the purported claims in the Complaint are barred because the members of the class are not so numerous that the joinder of each member is impractical.

## FOURTEENTH DEFENSE

Defendant also avers that Mr. Webb is not an adequate representative of the Proposed Class.

## FIFTEENTH DEFENSE

Defendant also avers that the Proposed Collective Action cannot be certified as pleaded.

## SIXTEENTH DEFENSE

Anything contained in Plaintiff's complaint that is not expressly admitted to herein is denied.

## SEVENTEENTH DEFENSE

Defendant hereby specifically reserves the right to file and assert any and all additional affirmative defenses which may subsequently come to its attention upon obtaining knowledge and/or information to justify a belief therein.

Wherefore, Defendant **SETTOON TOWING, LLC,** prays that, after due proceedings are had, there be judgment rendered in its favor and against Plaintiff, dismissing the Original Collective Action Complaint at Plaintiff's costs, and for such other general and equitable relief to which Defendant may be entitled.

ADAMS AND REESE LLP

*/s S. Craig Wilcox*

S. Craig Wilcox
Federal Bar No.: 21177
One Houston Center
1221 McKinney, Suite 4400
Houston, Texas 77010
Phone (713) 308-0136
Fax: (713) 652-5152

**Counsel for Defendant,
Settoon Towing, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the parties and counsel who are filing users, and that service was accomplished on any counsel who is not a filing user by United States Mail on this, the 2nd day of July, 2012.

*/s S. Craig Wilcox*
S. Craig Wilcox